**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| GE CAPITAL COMMERCIAL, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:15-CV-98-RWS |
| DON WILLIAMS and JASON WILLIAMS, | : | |
| | : | |
| Defendants. | : | |

## <u>ORDER</u>

This matter is before the Court on Plaintiff's Motion for Summary Judgment [Doc. No. 16]. As an initial matter, the Court notes that Defendants have not filed a response in opposition to Plaintiff's motion. Pursuant to Local Rule 7.1B, failure to file a response indicates that there is no opposition to the motion. However, in the interests of justice, the Court has reviewed the record and finds as follows.

## I.     Factual Background[1]

On September 15, 2014, Plaintiff and non-party Georgia Transit Mix, LLC

---

[1] As Defendants did not respond to Plaintiff's Statement of Material Facts [Doc. No. 16-1], those facts are deemed admitted.

AO 72A
(Rev.8/82)

("Georgia Transit") entered into a Loan and Security Agreement (the "First Agreement"), whereby Plaintiff agreed to loan money to Georgia Transit in order to purchase a 2015 Kimble KF3200C 3 Axle Front Discharge Transit Mixer, and Georgia Transit agreed to repay the loan [Doc. No. 1-1, pp. 2-6]. In connection with the First Agreement, Defendants each executed a Continuing Guaranty in favor of Plaintiff (collectively, the "First Guaranties"), wherein Defendants absolutely and unconditionally guaranteed to promptly and fully perform, pay, and discharge all of the present and future liabilities, obligation, and indebtedness owed by Georgia Transit to Plaintiff [Doc. No. 1-1, pp. 8-9].

On September 18, 2014, Plaintiff and Georgia Transit entered into a Loan and Security Agreement (the "Second Agreement"), whereby Plaintiff agreed to loan money to Georgia Transit in order to purchase a second 2015 Kimble KF3200C 3 Axle Front Discharge Transmit Mixer, and Georgia Transit agreed to repay the loan [Doc. No. 1-1, pp. 11-15]. In connection with the Second Agreement, Defendants each executed a Continuing Guaranty in favor of Plaintiff (collectively, the "Second Guaranties"), wherein Defendants absolutely and unconditionally guaranteed to promptly and fully perform, pay, and discharge all of the present and future liabilities, obligation, and indebtedness owed by Georgia

AO 72A
(Rev.8/82)

Transit to Plaintiff [Doc. No. 1-1, pp. 17-18].

On October 1, 2014, Plaintiff and Georgia Transit entered into a Loan and Security Agreement (the "Third Agreement"), whereby Plaintiff agreed to loan money to Georgia Transit in order to purchase a third 2015 Kimble KF3200C 3 Axle Front Discharge Transit Mixer, and Georgia Transit agreed to repay the loan [Doc. No. 1-1, pp. 20-24].  In connection with the Third Agreement, Defendants each executed a Continuing Guaranty in favor of Plaintiff (collectively, the "Third Guaranties"), wherein Defendants absolutely and unconditionally guaranteed to promptly and fully perform, pay, and discharge all of the present and future liabilities, obligation, and indebtedness owed by Georgia Transit to Plaintiff [Doc. No. 1-1, pp. 26-27].

On October 10, 2014, Plaintiff and Georgia Transit entered into a Loan and Security Agreement (the "Fourth Agreement"), whereby Plaintiff agreed to loan money to Georgia Transit in order to purchase a fourth 2015 Kimble KF3200C 3 Axle Front Discharge Transit Mixer, and Georgia Transit agreed to repay the loan [Doc. No. 1-1, pp. 29-33].  In connection with the Fourth Agreement, Defendants each executed a Continuing Guaranty in favor of Plaintiff (collectively, the "Fourth Guaranties"), wherein Defendants absolutely and unconditionally

AO 72A
(Rev.8/82)

guaranteed to promptly and fully perform, pay, and discharge all of the present and future liabilities, obligation, and indebtedness owed by Georgia Transit to Plaintiff [Doc. No. 1-1, pp. 35-36].

The Agreements and Guaranties are collectively referred to herein as the "Loan Documents." The Loan Documents are valid and enforceable agreements. Georgia Transit is in default under the Loan Agreements for failure to pay the amounts due thereunder. On February 20, 2015, Georgia Transit filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Northern District of Georgia, Case No. 15-20355 (the "Bankruptcy Action"). Plaintiff has filed a proof of claim in the Bankruptcy Action. On December 15, 2015, the Bankruptcy Court confirmed a plan in the Bankruptcy Action, but it is not yet known how much Plaintiff will receive from the Bankruptcy Action. Furthermore, to date, Plaintiff has not yet received any money from Georgia Transit or its estate.

Defendants have not performed under the Guaranties on their part by failing to make payments due under the terms of the Guaranties. Plaintiff notified Defendants of their defaults under the Guaranties and made written demand upon them to cure the payment defaults under the Guaranties [Doc. No. 1-1, pp. 38-41]. Defendants failed to cure the payment defaults under the Guaranties. Pursuant to

4

the terms of the Loan Documents, the entire amounts due thereunder have been declared immediately payable.

On May 13, 2015, Plaintiff filed a Complaint asserting breach of contract claims against both Defendants [Doc. No. 1].

## II.    Legal Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). The applicable

5

substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences that are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

6

## III.   Analysis

Under Georgia law, "the elements for a breach of contract claim . . . are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." <u>Duke Galish, LLC v. Manton</u>, 707 S.E.2d 555, 559 (Ga. Ct. App. 2011).  The Court finds that there are no genuine issues of material fact regarding Plaintiff's breach of contract claim against Defendants and that Plaintiff is entitled to judgment as a matter of law.

Now that the issue of liability has been resolved, the Court will address damages.  Subsequent to the default of Georgia Transit and Defendants, Plaintiff recovered the equipment that is the subject of the Loan Agreements.  However, Plaintiff has not received any proceeds from the sale of the recovered equipment. Pursuant to the terms of the Loan Documents, the entire amounts due thereunder have been accelerated.  The amount due and owing, after acceleration and not including attorneys' fees and costs, total $1,086,375.38 as of this date. In addition, pursuant to the Loan Documents, Defendants are obligated to pay the attorneys' fees and costs incurred by Plaintiff in the enforcement of its rights thereunder, including this lawsuit.

7

**IV.    Conclusion**

For the reasons stated above, Plaintiff's Motion for Summary Judgment [Doc. No. 16] is GRANTED.  The Clerk is DIRECTED to enter judgment for Plaintiff in the amount of $1,086,375.38. Plaintiff shall credit against the judgment any money it receives from the sale of the recovered equipment. Plaintiff is ORDERED to file a statement of its attorneys' fees and costs within fourteen days. Defendants are ORDERED to file a response, if any, to the amounts sought within fourteen days.

**SO ORDERED**, this 11th day of February, 2016.

_____
**RICHARD W. STORY**
United States District Judge

8